# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### NOVEMBER SESSION, 1996

FILED

April 3, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| **PHILLIP MARK NUNLEY,** | ) | **C.C.A. NO. 01C01-9602-CC-00066** |
| Appellant, | ) | |
| | ) | |
| | ) | **GRUNDY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. BUDDY D. PERRY** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | **(Post-Conviction Relief)** |


FOR THE APPELLANT:

ROBERT S. PETERS
Swafford, Peters & Priest
100 First Avenue, S.W.
Winchester, TN 37398

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

EUGENE J. HONEA
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

J. MICHAEL TAYLOR
District Attorney General

THOMAS HEMBREE
Assistant District Attorney
2nd Floor Lawyers Building
Jasper, TN 37347


OPINION FILED _____

AFFIRMED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Philip Mark Nunley appeals from the dismissal of his petition for post-conviction relief. On March 23, 1993, Appellant pled guilty to second-degree murder and especially aggravated robbery. Appellant received a sentence of twenty-five years imprisonment for second-degree murder and twenty years imprisonment for especially aggravated robbery. The sentences were ordered to be served concurrently for an effective sentence of twenty-five years. On July 10, 1993, Appellant filed a petition for post-conviction relief, alleging ineffective assistance of counsel and that he involuntarily entered his guilty plea. The post-conviction court dismissed his petition, finding Appellant's petition without merit. On appeal, Appellant argues that his guilty plea was involuntarily entered. For the reasons discussed below, we reject Appellant's claim and affirm the decision of the post-conviction court.

Appellant maintains that his guilty plea was not voluntarily, intelligently, or knowingly entered because the trial court did not fully complying with Rule 11 of the Tennessee Rules of Criminal Procedure by inquiring of Appellant whether his willingness to plead guilty resulted from prior discussions between the district attorney and the defendant or his attorney. In addition, he claims that because of time pressures and the unavailability of his family to help him make a decision, Appellant was unable to make a voluntary, intelligent decision.

In <u>Boykin v. Alabama</u> the United State Supreme Court held that an accused's guilty plea must be voluntarily, knowingly, and understandingly

entered before a conviction resting upon a guilty plea may comply with due process. 395 U.S. 238 (1969). In Boykin, the Supreme Court stated that a guilty plea constituted a waiver of various rights and that it would not presume a waiver of the following federal constitutional rights from a silent record:

(1)     The privilege against compulsory self-incrimination;

(2)     The right to trial by jury; and

(3)     The right to confront one's accusers.

Id. at 242. Thus, Boykin placed a premium on the record showing sufficient waiver of specified rights.

Exercising its supervisory power to ensure that the courts of this State afford fairness and justice to defendants in criminal cases, the Tennessee Supreme Court in State v. Mackey, 553 S.W.2d 337, 341 (Tenn. 1977), required stricter standards than those mandated by the Boykin decision. Mackey requires that trial judges, in accepting pleas of guilty in criminal cases to substantially adhere to the following procedure:

The court must address the defendant in open court and inform him of, and determine that he understands:

> (a) The nature of the charges brought against him and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty; and that a different or additional punishment may result by reason of prior convictions or other factors;
> (b) If he is not represented by counsel, that he has a right to be so represented and that if he cannot afford counsel, counsel will be appointed;
> (c) That he has the right to plead not guilty, the right to be tried by a jury, the right to the assistance of counsel at trial, the right to confront and cross-examine witnesses, and the right not to incriminate himself;

(d)  That if he pleads guilty, that there will be no trial except to determine his sentence; and
(e)  That if he pleads guilty, the court or the state may ask him questions about the offense to which he pleaded, and that if he answers under oath his answers may later be used against him in a prosecution for false statement or perjury, and that prior convictions may be used to set the sentence.
(f)  The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force of threats or of promises apart from a plea agreement.  The court shall also inquire as to whether the defendant's willingness to plead guilty results from prior discussions between the District Attorney General and the defendant or his attorney.

Id. at 341.

The Mackey requirements have been adopted into Rule 11 of the Tennessee Rules of Criminal Procedure.  In State v. McClintock, 732 S.W.2d 268, 273 (Tenn. 1987), the Supreme Court of Tennessee pronounced the additional requirement that the trial court make clear to the guilty-pleading defendant that the resulting judgment of conviction may be used in a subsequent proceeding to enhance the defendant's punishment for subsequent offenses.  Thus, Boykin, Mackey, McClintock, and Rule 11 of Tennessee Rules of Criminal Procedure govern the validity of guilty plea proceedings.

As the Supreme Court of Tennessee noted in State v. Prince, 781 S.W.2d 846, 853 (Tenn. 1989), some of the mandated Mackey advice is not required by Boykin but represents a supervisory pronouncement of the court. The Court stated "any other requirement of Mackey in excess of Boykin is not based upon any constitutional provision, federal or state.  It follows, that any omissions, not required in Boykin may be relied upon on direct appeal in

appropriate cases but such omissions have no validity on the first or any subsequent post-conviction proceeding." Id. at 853.

From the transcript of the guilty plea proceeding, it is clear that the trial judge went to exhaustive measures to ensure that Appellant's plea was voluntary. Addressing Appellant in open court, the trial judge informed Appellant that he had the right to plead not guilty and that he had the right to a trial by jury, insisting that the State of Tennessee prove beyond a reasonable doubt that he was guilty. The trial judge further informed Appellant of his right to an attorney at trial, his right to confront and cross-examine the witnesses against him, his right against self-incrimination, and the right to subpoena witnesses to testify on his behalf. The trial judge inquired of Appellant whether anyone had forced him to plead guilty. Appellant answered "no." Appellant indicated that he understood the rights he was waiving. It does appear that the trial court failed to ask Appellant whether his willingness to plead guilty resulted from discussions between he and the district attorney or his attorney and the district attorney. However, this is a supervisory, non-constitutionally based instruction required by Mackey, and relief may be given in a post-conviction hearing only if a conviction is void or voidable because of a violation of a constitutional right. See Tenn. Code Ann. § 40-30-203 (Supp. 1996); Prince, 781 S.W.2d at 853. Therefore, this issue has no merit.

Neither did Appellant's alleged time pressures, lack of family input, or coercion on the part of counsel result in his guilty plea being involuntary. Appellant claims that he and his attorney barely discussed the guilty plea offered by the State and that he was forced into accepting the plea minutes

before the plea was entered. He also maintains that the trial court pressured him and his attorney to come to a quick decision because the judge wanted to begin court promptly at 9:00 a.m. In fact, Appellant testified at the hearing on the petition for post-conviction relief that he was told about the possibility of pleading guilty the Friday before the Monday he pled guilty. During his negotiations with the State which began on Friday and ended on Sunday, counsel informed Appellant of the plea and the strength of the State's evidence against Appellant. While it is true that the trial judge stated at the hearing that if he had been asked for more time Monday morning, he would not have granted it, such a request was never made and no such pressure was exerted by the court. In addition, while Appellant complains about his lack of access to family input, his mother did visit him at jail the Sunday before his plea was entered. Although his mother testified that they did not discuss the plea at that time, they certainly had the opportunity to do so. After having observed the trial and conviction of Appellant's co-defendant brother, and considering the even greater weight of evidence against Appellant, counsel believed that it was in Appellant's best interest to accept the plea offered by the State. Counsel was entitled to use reasonable persuasion when making his recommendation. State v. Parham, 885 S.W.2d 375, 384 (Tenn. Crim. App. 1994).

We conclude that Appellant's plea was voluntarily, intelligently, and knowingly entered and that the evidence produced by Appellant does not preponderate against the findings of the post-conviction court. Accordingly, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
DAVID H. WELLES, JUDGE